UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRITTANY POORE

       Plaintiff,

                                        Civil Case No. 12-14487

v.                                     Honorable Patrick J. Duggan

CAIDAN MANAGEMENT COMPANY, LLC,

       Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S JURY DEMAND

On October 10, 2012, Plaintiff Brittany Poore filed this action against her former employer, Caidan Management Company, LLC, claiming violations of her rights under the Family and Medical Leave Act of 1993 ("FMLA"). Plaintiff requests a jury trial in her initial complaint, as well as in the First Amended Complaint she filed December 5, 2012. Contending that Plaintiff knowingly and voluntarily waived her right to a trial by jury, on December 28, 2012, Defendant filed a motion asking the Court to strike Plaintiff's jury demand. The motion has been fully briefed. The Court does not believe that oral argument will aid in its disposition of the motion and therefore dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court grants Defendant's motion.

**Factual Background**

Plaintiff began her employment with Defendant on February 11, 2008.  (Am. Compl. ¶ 5.)  On February 15, 2012, she executed an agreement with Defendant titled "Waiver of Right to Trial by Jury."  (Def.'s Mot. Ex. 2, emphasis removed.)  The agreement reads in pertinent part:

> By entering this Agreement, you, . . . and Caidan Management Company, LLC ("CMC") ... are **waiving the right to a trial by jury** for all controversies between you ... and CMC ... and its/their employees and agents ..., including any dispute or claim relating to the employment or the termination of employment.  This waiver means that **any claim brought by you against CMC, or vice versa, arising out of or in connection with your employment will be heard exclusively by a judge in a bench trial, and not by a jury of your peers.**
>
> This Agreement to waive the right to a jury trial applies to all actions arising under any state, federal, and local laws, regulations or ordinances, including without limitation, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Americans with Disabilities Act as amended, the Family and Medical Leave Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Rehabilitation Act, . . .

(*Id.*, emphasis in original.)

Plaintiff became pregnant in 2011, and was on FMLA protected maternity leave from October 3 until December 5, 2011.  (Am. Compl. ¶¶ 8, 9.)  Plaintiff's child was born with a heart murmur.  (*Id.* ¶ 10.)

On March 12, 2012, Plaintiff requested FMLA leave for April 5 to take her daughter to a doctor's appointment for her heart condition.  (*Id.* ¶ 13.)  Plaintiff's request was denied.  (*Id.* at ¶ 15.)  As a result, she used paid time-off to take her daughter to the appointment.  (*Id.* ¶¶ 15-17.)  At the appointment, the doctor referred Plaintiff's daughter

2

to a specialist.  (*Id.* ¶ 19.) Plaintiff immediately made an appointment with a specialist for April 13.  (*Id.*)

When Plaintiff returned to work on April 6, she provided Defendant with a note from her daughter's physician reflecting that Plaintiff had been to the doctor's office for her daughter's appointment on April 5.  (*Id.* ¶ 20.)  On the same date, Plaintiff also requested leave to take her daughter to the specialist the afternoon of April 13.  (*Id.* ¶ 21.)

Plaintiff's request for leave on April 13 initially was denied; however, after she complained and threatened to contact human resources, she received approval for the leave.  (*Id.* ¶¶ 22-29.)  Plaintiff was scheduled to work the morning of April 13, before the afternoon appointment with the specialist, but she and her daughter both awoke ill.  (*Id.* ¶¶ 39, 40.)  Plaintiff contacted Defendant to request leave for the morning so she and her daughter could go to a doctor before her daughter's afternoon appointment.  (*Id.* ¶¶ 40, 41.)  Defendant's Deputy Director approved Plaintiff's use of emergency leave for the morning absence and advised Plaintiff to bring a doctor's note the next work day confirming her visit to the doctor.  (*Id.* ¶ 43.)  Later that day, however, Plaintiff was informed that she was terminated.  *Id.* ¶ 46.)

**Parties' Arguments**

Defendant moves the Court to strike Plaintiff's demand for a jury trial, contending that she waived her right to a jury trial in the February 15, 2012 agreement.  Defendant argues that Plaintiff executed the agreement knowingly and voluntarily.  In response, Plaintiff argues that Defendant could not induce her to prospectively waive her rights

under the FMLA.  Plaintiff argues that she has a statutory right to a jury trial under the

FMLA and that the governing federal regulations, 29 C.F.R. § 825.220(a)(1), prohibit an

employer from interfering with any rights provided by the statute.  Plaintiff does not

challenge Defendant's assertion that she knowingly and voluntarily entered into the

agreement.  (*See* Pl.'s Resp. Br. at 5 ("The question before the Court is not whether

Plaintiff knowingly and voluntarily waived her right to a jury trial . . ..").

### Analysis

The FMLA includes a right to a jury trial.  *Frizzell v. Southwest Motor Freight*,

154 F.3d 641, 643 (6th Cir. 1998).  Nevertheless, in the absence of a controlling statute to

the contrary, an individual may contractually waive this right.  *See K.M.C. Co. v. Irving*

*Trust Co.*, 757 F.2d 752, 755 (6th Cir. 1985); *see also Gilmer v. Interstate/Johnson Lane*

*Corp.*, 500 U.S. 20, 26, 111 S. Ct. 1647, 1652 (1991); *Order of United Commercial*

*Travelers of Am. v. Wolfe*, 331 U.S. 586, 608, 67 S. Ct. 1355, 1365 (1947) ("[I]t is well

established that, in the absence of a controlling statute to the contrary, a provision in a

contract may validly limit, between the parties, the time for bringing an action on such

contract to a period less than that prescribed in the general statute of limitations, provided

that the shorter period itself shall be a reasonable period.").  Plaintiff points to the

regulations applicable to the FMLA as evidence of Congress' intent to preclude the

waiver of an employee's right to a jury trial.

Specifically, Plaintiff points to 29 C.F.R. § 825.220(a)(1) which states:

(a) The FMLA prohibits interference with an employee's rights under the

4

law, and with legal proceedings or inquiries relating to an employee's rights. More specifically, the law contains the following employee protections:

> (1)    An employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the Act.

Plaintiff also points to subsection (d) of the regulation which prohibits employees from waiving, and employers from inducing employees "to waive, their prospective rights under the FMLA." *Id*. § 825.220(d).  Courts, including this one, have relied on this regulation to find that employment contracts shortening the statute of limitations for bringing an FMLA claim are unenforceable.  *See, e.g., Henegar v. Daimler-Chrysler Corp.*, 280 F. Supp. 2d 680 n.1 (E.D. Mich. 2003); *Lewis v. Harper Hosp.*, 241 F. Supp. 2d 769, 772-73 (E.D. Mich. 2002) (concluding "that imposing a six month statute of limitation [as provided for in the employment agreement] is an interference with employees' rights under the FMLA where the statute of limitations is either two or three years."); *Madry v. Gibraltor Nat'l* Corp., No. 10-13886, 2011 WL 1565807, at *2 (E.D. Mich. April 25, 2011) (citing cases); *Cf. Badgett v. Fed. Express Corp.*, 378 F. Supp. 2d 613, 625 (M.D. N.C. 2005) (collecting federal cases where contractual limitations provisions have been applied to bar the plaintiff's claims and finding that such provisions are applicable to FMLA claims); *Fink v. Guardsmark, LLC*, No. CV 03-1480-BR, 2004 WL 1857114, at *3-4 (D. Or. Aug. 19, 2004) (same).

As this Court stated in *Lewis*, however, agreements purporting to impose a shorter limitations period for bringing a statutory claim are distinguishable from agreements

limiting employees' trial rights:

> Defendant cites case law wherein employees have contracted away
> "particular rights conferred upon them by Title VII." ...In particular,
> Defendant cites *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 111
> S. Ct. 1647, 114 L.Ed.2d 26 (1991), for the proposition that employees can
> agree to submit statutory discrimination claims exclusively to arbitration. ...
> Defendant's reliance on this case is misplaced. While arbitration ultimately
> leads to resolution of the complaint, the effect of the limitation clause at
> issue could ultimately leave Plaintiff without redress given the EEOC filing
> requirements.

241 F. Supp. 2d at 772.  In fact numerous courts, including the Sixth Circuit Court of

Appeals, have found agreements to arbitrate enforceable with respect to FMLA claims.

*See, e.g., Seawright v. Am. Gen. Fin. Services*, 507 F.3d 967 (2007); *Jann v. Interplastic*

*Corp.*, 631 F. Supp. 2d 1161, 1164-65 (D. Minn. July 7, 2009) (citing cases), overruled on

other grounds, *Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 770 (8th Cir. 2011);

*Brinkerhoff v. Zachry Constr. Corp.*, No. 2:04-cv-750, 2005 WL 1661693, at *6 (S.D.

Ohio July 15, 2005) (citing *O'Neil v. Hilton Head Hosp.*, 115 F.3d 272, 274 (4th Cir.

1997) ("Nothing in the language of the FMLA suggests that Congress wished to exempt

disputes arising under it from the FAA.").  These courts reason that "'by agreeing to

arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the

statute; it only submits to their resolution in an arbitral, rather than a judicial, forum.'"

*Seawright*, 507 F.3d at 979 (quoting *Gilmer*, 500 U.S. at 26, 111 S. Ct. at 1652); *see also*

*Jann*, 631 F. Supp. 2d at 1164-65.  As the *Jann* court further reasoned: "An agreement to

arbitrate preserves the claim; the agreement simply shifts the forum for resolving the

claim from a court to an arbitration setting."  *Id*. at 1166 (quoting *Taylor v. Progress*

6

*Energy, Inc.*, 493 F.3d 454, 372 (4th Cir. 2007)).

If the FMLA does not preclude the enforcement of a plaintiff's agreement to arbitrate claims brought under the statute, this Court finds that it also does not preclude the enforcement of an agreement waiving the right to a jury trial. Arbitration results in a party foregoing a judicial forum altogether, *including* the right to trial by jury. Waiving the right to a jury trial therefore does not interfere, restrain, or deny employees the substantive rights afforded by the FMLA. As such, neither the statute nor its regulations render the agreement Plaintiff and Defendant signed on February 15, 2012 unenforceable.

### Conclusion

Plaintiff does not claim that she waived her right to a jury trial unknowingly or involuntarily. The only argument she asserts for why the waiver should not be enforced is that doing so violates the statute. Because the Court concludes that neither the FMLA nor its regulations preclude the waiver of an employee's right to a jury trial, the Court is striking Plaintiff's jury trial demand.

Accordingly,

**IT IS ORDERED**, that Defendant's Motion to Strike Plaintiff's Jury Demand is **GRANTED**.

Dated: February 28, 2013                    s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE


Copies to:
Beth M. Rivers, Esq.
Andrea J. Johnson, Esq.
Kenneth Koshorek, Esq.